# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

***

KAREN SAGASTUME,

              Plaintiff,

vs.

WIRELESS COMMUNICATIONS OF
NEVADA #7 LLC., a Limited-Liability
Company; WIRELESS COMMUNICATIONS
OF NEVADA #7, INC., a Domestic Corporation;
JOHNNY ABBO, an individual; LINDA ABBO,
an individual DOES I -X; and ROE
CORPORATIONS I -X,

              Defendants.

2:19-cv-00997-RFB-VCF
**ORDER**

Before the court is the Motion to Serve Defendant Johnny Abbo by Publication (ECF No. 31). Plaintiff seeks service by publication.

**Background:**

On June 12, 2019, Plaintiff filed a complaint against Defendant Wireless Communications Nevada #7 LLC. (ECF No. 1). A discovery plan and scheduling order was approved on February 5, 2020. On October 12, 2020, Mr. Tobler filed for withdrawal as counsel for Wireless Communications (ECF No. 17), and the Court granted the withdrawal on October 27, 2020. (ECF No. 18). On December 17, 2020, Plaintiff filed a motion to Enforce the Terms of the Settlement Agreement (ECF No. 20) and motioned in the alternative to Reopen and Extend Discovery (ECF No. 21). The Motion to Enforce the Terms of the Settlement was denied, and discovery was reopened (ECF No. 24). On February 3, 2021, Plaintiff filed a Motion for Leave to Amend to add Defendant Johnny Abbo and Defendant Linda Abbo (ECF No. 25),

and the court granted Plaintiff's motion (ECF No. 26). Plaintiff then filed her First Amended Complaint on March 4, 2021 (ECF No. 27). Plaintiff states that Linda Abbo was served on March 11, 2021. (ECF No. 29).

Plaintiff has been unsuccessful in serving Defendant Johnny Abbo and requests service by publication.

In the Affidavit of due diligence on Johnny Abbo, Plaintiff's process server has checked for addresses from several sources from a background check, including the DMV, the Clark County and Oakland County Assessors' Offices. (ECF No. 30). The process server tried to serve Mr. Abbo several times in person, but remains unsuccessful. The process server was able to contact Mr. Abbo by telephone and Mr. Abbo stated that he lives in Michigan now but refused to give his current address to the process server and Abbo refused to meet up with a server in his area. The process server states that Mr. Abbo said he would give them a call when he was back in Las Vegas, but the process server never received a phone call. The process server sent postal orders to three Las Vegas addresses and two Michigan addresses, but these orders were not returned or the returned mail stated that it was an improper address for Mr. Abbo.

**<u>Service By Publication</u>**

Pursuant to Federal Rule of Civil Procedure 4(e)(1), "an individual – other than a minor, an incompetent person, or a person whose waiver had been filed – may be served in a judicial district of the United States by following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Under Rule 4.4(c) of the Nevada Rules of Civil Procedure, when the person on whom service is to be made resides out of the state, or has departed from the state, or cannot, after due diligence, be found within the state, or by concealment seeks to avoid the service of summons, and the fact shall appear, by affidavit, to the satisfaction of the court or judge thereof, and it shall appear, either by affidavit or by a verified complaint on file, that a cause of action exists against the defendant in respect to whom the service is to be made,

and that the defendant is a necessary or proper party to the action, such court or judge may grant an order that the service be made by the publication of summons.

Nevada Rules of Civil Procedure 4.4(c)(1) establishes the conditions for publication. Service by publication may only be ordered when the defendant: (A) cannot, after due diligence, be found; (B) by concealment seeks to avoid service of the summons and complaint; or (C) is an absent or unknown person in an action involving real or personal property. Under NRCP 4.4(c)(2), which the court is required to follow for service by publication in federal action, requires the party seeking service by publication, based on the fact that defendant cannot be found, to submit an affidavit of due diligence, declarations, or other evidence verifying:

(1) the last known address of the defendant;

(2) the dates during which the defendant resided at that location, and,

(3) confirmation that the plaintiff is unaware of any other address at which the defendant has resided since that time, or at which defendant can be found.

### **Discussion**

Plaintiff asserts that the after diligent effort, she is unable to serve Johnny Abbo within the state of Nevada and Michigan. (ECF No. 31). In support of this assertion, Plaintiff provided the court with an affidavit of attempted services (ECF No. 30). The last known address(es) for Abbo are 2104 Los Altos St., Las Vegas, Nevada 89012, 322 Karen Ave., Unit 2905, Las Vegas, Nevada 89109, and 19781 Silver Spring St., Southfield, MI, 48076. *Id.* Service at these addresses were unsuccessful. *Id.* The process server did a search and found that Abbo may still be residing at the address in Michigan and that Abbo may be evading service. (ECF No. 30 at page 3).

The court finds that pursuant to Fed. R. Civ. P. 4(e)(1) and Nev. R. Civ. P. 4(e)(1), permitting service by publication of the Summons and Complaint on Abbo is warranted. Pursuant to Rule 4(e)(1)(iii), the publication must be made in a newspaper, published in the State of Nevada, for a period of 4 weeks, and at least once a week during said time. Nev. R. Civ. P. 4(e)(1)(iii).

Accordingly, and for good cause shown,

IT IS HEREBY ORDERED that Plaintiff's Motion for Service by Publication on Defendant Johnny Abbo (ECF No. 31) is GRANTED. A copy of the Summons and Complaint must be mailed to Johnny Abbo at his last known addresses by certified U.S. Mail, return receipt requested.

IT IS FURTHER ORDERED that, pursuant to Fed. R. Civ. P. 4(e)(1) and Nev. R. Civ. P. 4(e)(1)(i) and (iii), the Summons in this action must be served by publication in a newspaper, published in the state of Nevada, for a period of four weeks and at least once a week during that time.

IT IS FURTHER ORDERED that, pursuant to 1A Mich. Pl. & Pr. § 16:62 (2d ed.), that a copy of this Order and the Summons in this action must be served by publication in a newspaper, published in the state of Michigan, in the county where the defendant resides, for a period of three weeks and at least once a week during that time.

IT IS SO ORDERED.

DATED this 2nd day of June, 2021.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE