**JENNY L. FOLEY, Ph.D., ESQ.**
Nevada Bar No. 9017
E-mail: jfoley@hkm.com
**HKM EMPLOYMENT ATTORNEYS LLP**
101Convention Center Dr., Suite 600
Las Vegas, Nevada 89109
Tel: (702) 805-8340
Fax: (702) 805-8340
E-mail: jfoley@hkm.com
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| KAREN SAGASTUME, an Individual,<br><br>Plaintiff,<br><br>vs.<br><br>WIRELESS COMMUNICATIONS OF NEVADA #7 LLC., a Limited-Liability Company; WIRELESS COMMUNICATIONS OF NEVADA #7, INC., a Domestic Corporation; JOHNNY ABBO, an individual; LINDA ABBO, an individual DOES I -X; and ROE CORPORATIONS I -X.<br><br>Defendant. | **CASE NO.: 2:19-cv-00997-RFB-VCF**<br><br>**PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT JUDGMENT PURSUANT TO FED. R. CIV. P. 55(b) AGAINST DEFENDANTS** |

Comes now, Karen Sagastume, ("Plaintiff") by and through her counsel of record, HKM Employment Attorneys LLP, and hereby moves this Court for an order, pursuant to Fed. R. Civ. P. 55(b)(2) (hereinafter, "Motion"), for an order entering judgment by default against the Defendant in the amount of $57,718.38, as follows: Judgment in favor of the Plaintiff in the amount of $28,895.70; and a separate judgment in favor of Plaintiff's attorneys, HKM Employment Attorneys LLP in the amount of $28,822.68 – this amount includes $26,491.00 in attorney's fees and $2,331.68 in costs. Plaintiff's motion is made based upon the memorandum of points and authorities below, the declaration of counsel, and the other papers and pleadings in this matter.

1

**POINTS AND AUTHORITIES**

2

**I.       INTRODUCTION**

3       Plaintiff respectfully requests entry of final judgment by default against Defendants

4    pursuant to Fed. R. Civ. P. 55(b)(2) because Defendants have ceased responding or participating

5    in the instant case. Plaintiff is therefore entitled to the relief prayed for in her Complaint as set

6    forth below.

7       **II. FACTUAL BACKGROUND**

8       1.   On June 12, 2019, Plaintiff filed her original Complaint (ECF No. 1) against only

9            Defendant   Wireless   Communications   Nevada   #7   LLC   ("Wireless

10           Communications"), alleging wage violations under the Fair Labor Standards Act

11           ("FLSA") and Nevada Law.

12      2.   On October 12, 2020, counsel for Wireless Communications filed for withdrawal as

13           counsel for Wireless Communications (ECF No. 17), which this Court granted on

14           October 27, 2020. After this point in time, Wireless Communications never retained

15           new counsel, never responded to any communications, and never filed any pleadings

16           or oppositions in this matter since.

17      3.   On February 3, 2021, Plaintiff motioned for Leave to Amend to add Defendant

18           Johnny Abbo and Defendant Linda Abbo (ECF No. 25), which was granted (ECF

19           No. 26).

20      4.   On March 4, 2021, Plaintiff then filed her First Amended Complaint on March 4,

21           2021 (ECF No. 27), with summons to Defendant Johnny Abbo and Defendant Linda

22           Abbo being issued the same day (ECF No. 28).

23      5.   Ms. Abbo was properly served on March 11, 2021, and Plaintiff promptly filed

24           certificate of service with proof of service (ECF No.29).

25      6.   On April 2, 2021, Plaintiff filed an Affidavit of Due Diligence Re: Johnny Abbo, an

26           Individual (ECF No. 30) because Mr. Abbo had been dodging service and had yet

27           to be served.

28      7.   On May 24, 2021, Plaintiff filed a Motion to Serve Johnny Abbo by Publication,

1    which was subsequently granted on June 2, 2021, and ordered that Defendant

2    Johnny Abbo be served via mail at his last known address, as well as by publication

3    in Nevada for a period of four weeks for at least once a week and to do the same in

4    Michigan for only three weeks.

5    8.   On August 4, 2021, Plaintiff received confirmation that Defendant Johnny Abbo

6    had been served by mail and by publication, and on March 2, 2022, Plaintiff filed

7    its proof of service by publication (ECF No. 34).

8    **III.   THIS COURT SHOULD ENTER A FINAL JUDGMENT BY DEFAULT GRANTING PLAINTIFF THE RELIEF REQUESTED IN HER COMPLAINT**

9

10   The Court has discretionary power to grant default judgment under Fed. R. Civ. P. 55(b).

11   *Rashidi v. Albright*, 818 F. Supp. 1354, 1356 (D. Nev. 1993). In determining whether default

12   judgment is appropriate, courts consider the *Eitel* factors: (1) the possibility of prejudice to the

13   plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4)

14   the sum of money at stake in the action; (5) the possibility of a dispute concerning material

15   facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying

16   the Federal Rules of Civil Procedure favoring decisions on the merits. See *Eitel v. McCool*, 782

17   F.2d 1470, 1471-72 (9th Cir. 1986).

18   The first *Eitel* factor weighs in favor of granting Plaintiff's motion because Plaintiff will

19   be denied relief for her claims if no judgment is entered. Defendant Wireless Communications

20   first responded to the instant matter but became entirely nonresponsive once their counsel of

21   record indicated that he would be withdrawing because Wireless Communications had

22   abandoned all plans to defend this matter. *See* ECF No. 20-2. Further, Defendants Linda and

23   Johnny Abbo have not answered Plaintiff's First Amended Complaint and have chosen not to

24   respond. By doing so, Defendants are deemed to have admitted the truth of Plaintiff's

25   allegations. If a default judgment is not granted, Plaintiff "will likely be without other recourse

26   for recovery." *PepsiCo, Inc. v. Cal. Security Cans*, 238 F.Supp.2d 1172, 1177 (C.D.Cal.2002).

27

28

1    The second and third *Eitel* factors favor default judgment if the Plaintiff makes enough

2    factual allegations to state a claim upon which relief can be granted, in accordance with Rule

3    8(a). *Eitel, 782* F.2d at 1471; *PepsiCo*, 238 F. Supp. 2d at 1177. As discussed below, the second

4    and third *Eitel* factors weigh in favor or entering default against Defendants.

5    In this case, the facts, which, for purposes of this Motion are now deemed admitted by

6    Defendants, establish that Defendants failed to adequately compensate Plaintiff under Nevada

7    and Federal Law. As pled in the Complaint, each of Plaintiff's causes of action states a claim

8    upon which relief can be granted. As such, the second and third *Eitel* factors weigh in favor of

9    granting the default judgment.

10    Under the fourth *Eitel* factor, the court considers "the amount of money at stake in

11    relation to the seriousness of Defendants' conduct." *PepsiCo, Inc*., 238 F. Supp. 2d at 1176. "If

12    the sum of money at issue is reasonably proportionate to the harm caused by the defendant's

13    actions, then default judgment is warranted." *Landstar Ranger, Inc. v. Parth Enterprises, Inc*.,

14    725 F. Supp. 2d 916, 921 (C.D. Cal. 2010). Here, the allegations against the Defendants are

15    serious in nature. Defendants not only failed to pay Plaintiff for all hours worked, but they

16    required her to work overtime hours that she was also not compensated for. As a result of

17    Defendants failure to pay Plaintiff all wages owed and past due, Plaintiff sought her lost and

18    overdue wages, a reasonable amount punitive damages sufficient to deter this conduct, the costs

19    of the suit incurred, and reasonable attorneys' fees. As such, this factor weighs in favor of

20    granting default judgment.

21    The fifth *Eitel* factor considers the possibility of a dispute as to any material fact in the

22    case. *PepsiCo, Inc.*, 238 F. Supp. 2d at 1177. As noted above, upon entry of default, all factual

23    allegations of the complaint, except those relating to the amount of damages, are taken as true.

24    *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917 (9th Cir. 1987); *Geddes v. United Fin.*

25    *Group*, 559 F.2d 557, 560 (9th Cir. 1977). Given the sufficiency of the complaint and the fact

26    that Plaintiff's allegations (except for the amount of damages) must be accepted as true, there

27    can be no dispute of material fact that would preclude default judgment. Accordingly, this factor

28    weighs in favor of judgment by default.

The sixth *Eitel* factor considers the possibility that the default resulted from excusable neglect. If a default judgment is entered as the result of a defendant's culpable conduct, the Court need not consider whether a meritorious defense was shown, or whether the plaintiff would suffer prejudice if the judgment were set aside. *Meadows v. Dominican Republic*, 817 F.2d 517, 521 (9th Cir. 1987); *Benny v. Pipes*, 799 F.2d 489, 494 (9th Cir.1986).  A defendant's conduct is culpable, rather than excusable, if the defendant received actual or constructive notice of the filing of the action and failed to answer. *Id*. In this case, Defendants were properly served and failed to answer or otherwise defend against the allegations against them. Defendant Wireless Communications was served, answered, and then withdrew without obtaining new representation. *See* ECF No. 20-2. It was even indicated to Plaintiff that Wireless Communications had entirely abandoned their defense. *Id.* Linda and Johnny Abbo were properly served, the latter via publication at the direction of the court, and neither responded. Accordingly, Defendants' behavior is culpable and this factor heavily weighs in favor of judgment by default.

The seventh *Eitel* factor considers the public policy that "[c]ases should be decided upon their merits whenever reasonably possible." *Eitel*, 782 F.2d at 1472. While this public policy generally favors a decision on the merits, a default judgment is appropriate where a defendant deliberately neglects to wage a defense, as is the case here. See *PepsiCo*, 238 F. Supp. 2d at 1177 ("Defendant's failure to answer Plaintiff's Complaint makes a decision on the merits impractical, if not impossible"). Defendants Johnny and Linda Abbo, despite being duly served with a summons and Complaint in this matter, have refused to appear or mount a defense to this action. Defendants have had ample time to do so and has failed. Defendant Wireless Communications attempted a defense and then unequivocally abandoned all participation this matter entirely. Accordingly, a decision on the merits in this action would be impossible.

Entry of a default judgment under Fed. R. Civ. P. 55(b)(2) is entirely appropriate. Attached as Exhibit "1" is Plaintiff's declaration in support of this motion. Such declaration provides a basis for the requested monetary amounts which primarily relies upon the wages Plaintiff would have earned but for Defendant's failure to pay Plaintiff in accordance with state

1    and Federal law. Attached as Exhibit "2" is a Declaration from Plaintiff's counsel breaking

2    down and justifying attorney's fees for this instant matter. Such declaration provides a basis for

3    the requested attorney's fees. Attached as Exhibit "3" is an Activities Report detailing all of the

4    fees incurred by Plaintiff's counsel and her staff during the duration of this matter. This report

5    was generated from Plaintiff's counsel's case management software and provides an accurate

6    representation of the fees incurred at the time that this Motion is filed. Exhibit "4" is a

7    spreadsheet of the costs associated with the filing of this instant matter. This spreadsheet was

8    prepared by HKM Employment Attorneys LLP and provides an accurate representation of the

9    costs incurred at the time that this Motion is filed.  For the reasons stated above, final judgment

10   in a sum certain by default is thus appropriate, and this Court should enter a default judgment

11   under Fed. R. Civ. P. 55(b)(2).

12          **IV.    PLAINTIFF'S REQUESTED ATTORNEY'S FEES ARE REASONABLE**

13                  **AND CUSTOMARY**

14          Fed. R. Civ. P. 54(d)(2)(B) in conjunction with Local Rule 54-14 allow for the recovery

15   of attorneys at the court's discretion. In determining an award of attorneys' fees, the court must

16   consider whether the fees sought are reasonable and justified. *Wynn v. Smith*, 117 Nev. 6, 13

17   (2001). A determination of "reasonable" fees and costs is left to the sound discretion of this

18   Court. *See Brunzell v. Golden Gate Nat. Bank*, 455 P.2d 31, 33-34, 85 Nev. 345, 350 (Nev.

19   1969) ("We will not substitute our opinion for that of the trial court … the value to be placed

20   on the services rendered by counsel lies in the exercise of sound discretion by the trier of the

21   facts."); *see also Prostack v. Songailo*, 623 P.2d 978, 979–80, 97 Nev. 38, 40 (Nev. 1981).

22          Factors to be considered when determining the value of an attorney's services include

23   the following:

24                  "(1) the qualities of the advocate: his ability, his training, education,
                    experience, professional standing and skill; (2) the character of the
25                  work to be done: its difficulty, its intricacy, its importance, time and
                    skill required, the responsibility imposed and the prominence and
26                  character of the parties where they affect the importance of the
                    litigation; (3) the work actually performed by the lawyer: the skill,
27

28

time and attention given to the work; (4) the result: whether the attorney was successful and what benefits were derived.

*Brunzell*, 85 Nev. at 349.

Furthermore, "good judgment would dictate that each of these factors be given consideration … and that no one element should predominate or be given undue weight." *Id*. As long as these factors are properly analyzed, the amount of fees may be calculated using "any method rationally designed to calculate a reasonable amount, including those based on a lodestar amount or a contingency fee." *Shuette v. Beazer Homes Holdings Corp*., 124 P.3d 530, 549, 121 Nev. 837, 864 (Nev. 2005).

Reasonable attorney's fees are generally calculated using the traditional "lodestar" method, which involves multiplying "the number of hours reasonably spent on a case by a reasonable hourly rate." *See Camacho v. Bridgeport Financial, Inc*., 523 F.3d 973, 979 (9th Cir. 2008); *see also Shuette*, 124 P.2d at 549 citing *Herbst v. Humana Health Ins. Of Nevada*, 105 Nev. 586, 590, 781 P.2d 762, 764 (1989); *see also Cunningham v. County of Los Angeles*, 879 F.2d 481, 488 (9th Cir. 1988) (the lodestar figure is presumptively reasonable).

The 'reasonableness' aspect of the lodestar analysis is determined by the specific facts of each case and requires examination of "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Camacho*, 523 F.3d at 979; *see also Norman v. Housing Authority of City of Montgomery*, 836 F.2d 1292, 1299 (11 Cir. 1988), *citing Blum v. Stenson*, 465 U.S. 886, 895 n.11, 104 S. Ct. 1541, 1547 (1984).

The prevailing or customary rate cannot be determined merely by evaluating the fee charged. *See generally Barjon v. Dalton*, 132 F.3d 496, 500 (9th Cir.1997) (attorney's fees to be calculated using prevailing market rate regardless of actual fee). Rather, a court must examine the lawyer's fee in comparison to the fee charged by other lawyers working on similar cases with similar levels of experience. *See generally Recouvreur v. Carreon*, 940 F.Supp.2d 1063, 1070 (N.D. Cal. 2013).

And, while the issue of reasonable attorney's fees is most commonly raised with regards to attorneys who work in public service, courts have undertaken an analysis of customary or prevailing market rates when local counsel is unavailable or when an attorney with a specific set of skills or an area of expertise is necessary to defend or prosecute a claim. *See generally Barjon v. Dalton*, 132 F.3d 496, 500 (9th Cir. 1997) (rates outside the forum may be used when local counsel is unavailable or unqualified); *see also Gates v. Deukmejian*, 987 F.2d 1392, 1405 (9th Cir. 1992) (plaintiffs adequately documented that their expertise in complex prison litigation required specific counsel and application of a higher prevailing market rate).

By calculating fees using a prevailing market or customary rate, courts ensure that attorneys are fairly compensated for their services regardless of whether they "charge nothing …, charge at below-market or discounted rates, represent the client on a straight contingent fee basis, or are in-house counsel." *Chacon v. Litke*, 105 Cal.Rptr. 3d 214, 233, 181 Cal.App.4th 1234, 1260–61 (Cal.App. 1 Dist. 2010); *see also Laffey v. Northwest Airlines, Inc.*, 572 F. Supp. 354, 353 (D.C. 1983), rev'd in part on other grounds ("Although the attorney's actual billing rate is highly relevant proof of the prevailing community rate … it is clear that a court's fee settling inquiry does not begin and end with counsels' monthly billing statements.").

Here, Plaintiff should be awarded Attorney's Fees in the amount of $28,822.68 – this amount includes $26,491.00 in attorney's fees and $2,331.68 in costs. When applying *Brunzell* and *Lodestar,* Plaintiff's requested fees for this case are not only reasonable but justified. The hours billed and work completed by Plaintiff's counsel in connection with this matter are outlined in the billing matrix attached hereto. *See* Exhibits 3 & 4.

### A. Quality of the Advocate

Jenny Foley is the managing partner at HKM Employment Attorney's Las Vegas office and has been licensed to practice law since 2005. *See* Exhibit 2. Dr. Foley has over fifteen years of experience litigating complex matters, particularly employment matters in Nevada. *Id.* For the last five years, her practice has centered exclusively on representation of Plaintiffs in employment matters. *Id.* Dr. Foley is licensed in both Nevada and California. *Id.* Dr. Foley has drafted numerous discovery motions and successfully prosecuted such matter countless times.

Dr. Foley customarily bills $595 per hour, which is well below the anticipated billing rate for an attorney with her experience. *Id.* Nonetheless, this rate is slightly below the prevailing market rates in Nevada. Further, not only does Dr. Foley have the support and resources of a nationwide law firm, but she has also been successful at establishing HKM's Las Vegas office as prestigious and reputable. This has enabled Dr. Foley to hire accomplished staff, including Dana Sniegocki, Esq., and Rex Martinez, Esq., who did portions of the researching and drafting in this matter. *See* Exhibit 2 & 3.

The rates of $95 per hour for paralegal work and $595 per hour for the principle managing partner, Dr. Foley, are reasonable given the "experience, skill, and reputation" of HKM Employment Attorneys. *See* Exhibit 2; *see also United Steelworkers of Am. v. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir. 1990) ("Affidavits of the [movant's] attorney and other attorneys regarding prevailing fees in the community, and rate determinations in other cases, particularly those setting a rate for the [movant's] attorney, are satisfactory evidence of the prevailing market rate.").

The distribution of hours reflects the efficiency with which the Ms. Foley investigated, researched, and drafted the necessary pleadings in this matter. Every hour billed was necessary in order to advance Plaintiff's case.

There is ample caselaw that establishes per hour rates between $500 and $600. *See Edgeworth Fam. Tr. v. Simon*, 477 P.3d 1129 (Nev. 2020); *Winecup Gamble, Inc. v. Gordon Ranch, LP*, No. 317CV00163RCJWCG, 2021 WL 434201, at *4 (D. Nev. Feb. 8, 2021) ($641 per hour was determined as reasonable); *See Pardee v. AGRW-Canyons LLC*, No. 2:16-cv-01952-JAD-PAL, 2018 WL 10455160, at *4 (D. Nev. Mar. 27, 2018) (finding Ms. Lundvall then-hourly rate of $625 reasonable).

In addition, caselaw from nearly a decade ago supports similar rates. *See Stephens Media LLC v. Citihealth, LLC*, 2013 U.S. Dist. LEXIS 111900, 2013 WL 4045926 (D. Nev. Aug. 7, 2013) (finding rates between $400 and $185 to be reasonable); *In re USA Commercial Mortg. Co.*, 2013 U.S. Dist. LEXIS 108183, 2013 WL 3944184 (D. Nev. July 30, 2013) (finding rates between $170 and $420 to be reasonable); *Plaza Bank v. Alan Green Family Trust*, 2013

1    U.S. Dist. LEXIS 58657 (D. Nev. April 24, 2013) (finding rates of $425.00-$475.00 for partners

2    and $250.00-$325.00 for associates reasonable); *Conboy v. Wynn Las Vegas, LLC*, No. 2:11-

3    cv-01649-JCM-CWH, 2012 U.S. Dist. LEXIS 173711, 2012 WL 6100313, at *3 (D. Nev. Dec.

4    7, 2012) (finding a $350 hourly rate reasonable in Las Vegas); *Am. Gen. Life Ins. Co. v. Futrell*,

5    No. 2:11-cv-00977-PMP-CWH, 2012 U.S. Dist. LEXIS 161930, 2012 WL 5497901, at *3 (D.

6    Nev. Nov. 13, 2012) (finding hourly rates between $250 and $400 reasonable in Las Vegas);

7    *Liberty Media Holdings, LLC v. FF Magnat Ltd.*, No. 2:12-cv-01057-GMN-RJJ, 2012 U.S.

8    Dist. LEXIS 124808, 2012 WL 3834744, at *2 (D. Nev. Sep. 4, 2012) (recognizing "$400-$500

9    per hour for partners . . . $325 per hour for associate attorneys" was "reasonable rates in the Las

10   Vegas legal market").

11          Thus, Plaintiff's requested hourly rates comport with rate determinations in other cases

12   in the District of Nevada to be the prevailing market rate in this forum.

13                              **B.  Character of the Work**

14          Dr. Foley has specialized knowledge and experience litigating employment disputes.

15   Moreover, Dr. Foley's skills, expertise, and reputation were crucial to prosecuting the instant

16   matter. The research and briefing necessary to advance Plaintiff's case and its required

17   procedure, but also advocating employment matters in general, is highly specialized.

18   Considerable work went into drafting the pleadings required to get to this stage. Plaintiff's

19   counsel is familiar with the statutory requirements under both federal and state laws, as well as

20   is familiar with the administrative requirements that are necessary to even bring such a case.

21   Accordingly, the character of the work involves highly specific knowledge. Thus, Plaintiff's

22   counsel had and exhibited the necessary skills in order to prosecute this matter.

23                              **C.  Work Actually Performed**

24          Plaintiff's counsel conducted research, consulted the client, and drafted several

25   pleadings with considerable efficiency to get up to this point. Ms. Foley's time totaled 31 hours

26   of work as is broken down in HKM's Invoice. *See* Exhibit 3. Plaintiff counsel's provided

27   breakdown of the work establishes that all of Dr. Foley's work was necessary on this matter.

28   This case was especially difficult due to the fact that Defendant's representation withdrew

1 partway through the matter and then the Defendant refused to cooperate in even the most basic
2 procedures of the case.

3       In addition, there were numerous entries for the paralegal's work, the receptionist's
4 work, as well as work completed by other attorneys in the office, which totaled approximately
5 23 hours and 12 minutes of work. *Id.* This time was necessary for the continuing representation
6 of Plaintiff in this matter. Plaintiff's counsel as well as her staff consistently discussed the case
7 with Plaintiff, drafted and filed the Complaint, engaged in negotiations, conducted research,
8 and filed the necessary pleadings to be able to prosecute her case. As such, the work actually
9 performed as necessary and directly related to obtaining the best possible outcome for Plaintiff.

10                     **D.  Success of Dr. Foley's Efforts**

11       Due to Defendant's refusal to participate in this case, Plaintiff's counsel has had to go
12 above and beyond to ensure that they received adequate notice, even going so far as having to
13 serve a party via publication. Plaintiff's counsel has worked hard to ensure that Plaintiff had a
14 chance to prosecute her case in order to receive the compensation that is owed to her. Dr.
15 Foley's expertise and work directly lead to this point. Accordingly, Dr. Foley's work resulted
16 in the best outcome considering all of the factors working against her.

17 / / /
18 / / /
19 / / /
20 / / /
21 / / /
22 / / /
23 / / /
24 / / /
25 / / /
26 / / /
27 / / /
28 / / /

## V.    CONCLUSION

For all the foregoing reasons, Plaintiff respectfully requests this Court enter Judgment in the following manner: Judgment by default in favor of Plaintiff in the amount of $28,895.70; and judgment by default in favor of Plaintiff's attorneys, HKM Employment Attorneys LLP in the amount of $28,822.68.

DATED this 22nd day of March, 2022.

**HKM EMPLOYMENT ATTORNEYS, LLP**


*/s/ Jenny L. Foley*
**JENNY L. FOLEY, Ph.D., Esq.**
Nevada Bar No. 9017
101Convention Center Dr., Suite 600
Las Vegas, Nevada 89109
Tel: (702) 805-8340
Fax: (702) 805-8340
E-mail: jfoley@hkm.com
*Attorney for Plaintiff*

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on this 22nd day of March 2021, I caused to be served a true and correct copy of the foregoing **MOTION FOR DEFAULT JUDGMENT** on the following persons as follows:

___X___         by placing the same for mailing in the United States Mail, in a sealed envelope

           on which first class postage was prepaid in Las Vegas, Nevada and/or

Wireless Communications of Nevada #7, Inc.    Linda Abbo
322 Karan Avenue, Unit 2905                2001 E. Lake Mead
Las Vegas, Nevada 89109                   North Las Vegas, Nevada 89030

Johnny Abbo                          Johnny Abbo
2104 Los Altos St.                    322 Karen Ave., Unit 2905,
Las Vegas, Nevada 89012           Las Vegas, Nevada 89109

Johnny Abbo
Silver Spring St.
Southfield, MI, 48076

_____        to be sent via electronic filing with the Clerk of the Court using the Court's

           electronic filing system – CM/ECF and serving all parties with an email address

           of record who have agreed to receive Electronic Service in this action

_____        to be hand delivered to the persons and/or addresses below:

                               */s/ Rex Martinez*
                               An Employee of HKM Employment Lawyers LLP